## UNITED STATES ex rel. DOPICO v. REVELL et al.
### No. 3759.

Circuit Court of Appeals, Fourth Circuit.

Oct. 20, 1934.

Joseph Allen, of Baltimore, Md., for appellant.

Bernard J. Flynn, U. S. Atty., and James K. Cullen, Asst. U. S. Atty., both of Baltimore, Md., for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court of the United States for the District of Maryland, dismissing a petition for a writ of habeas corpus and remanding the relator, Angel Dopico, to the custody of the immigration authorities for deportation.

The appellant, a subject and native of Spain, first entered the United States in 1916 as a stowaway. He was a seaman by trade. He last entered the United States from a foreign port in May, 1927. In August, 1930, appellant made application to be registered under the terms of the act of Congress of March 2, 1929 (45 Stat. 1512), and a certificate of registry was issued to him.

In the application for registry, verified by the appellant, he stated:

"I have never (either in the United States or any other country) been arrested, summoned into Court as a defendant, convicted, fined, imprisoned, or placed on probation, or forfeited collateral for an act involving a felony, misdemeanor, or breach of any public ordinance."

In March, 1933, appellant filed, with the clerk of the District Court of the United States for the District of Maryland, at Baltimore, a declaration of his intention of becoming an American citizen and obtained the usual certificate.

On May 3, 1933, the said certificate of registry was canceled by the Commissioner General of Immigration for the reason that the certificate had been obtained by means of false and misleading statements.

Prior to the cancellation of said certificate a hearing was had and evidence taken tending to prove that the appellant had procured the certificate of registry by misrepresentation; that the appellant was not a person of good moral character in that he had been living, in Porto Rico, with a woman to whom he was not married and that he had subsequently induced said woman to come to the United States; and that his statement to the effect that he had never been arrested or convicted was false in that in November, 1927, he was convicted, in Porto Rico, of an assault with intent to kill.

After cancellation of the certificate of registry, an order was issued by the Secretary of Labor directing the deportation of the appellant, who then filed the petition herein.

The sole question involved here is whether the certificate of registry was lawfully canceled. Paragraph 15 of Rule 27, of Rules of the Commissioner of Immigration of January 1, 1930, provides:

"If at any time after the record of registry has been made, evidence is obtained indicating that said record was procured through

222

fraud or misrepresentation, a complete report will be immediately submitted to the bureau with appropriate comment and recommendation. If the commissioner general is satisfied that the record was so procured, he will cancel, ab initio, the record of registry. If and when the record has been canceled, the alien shall be requested to surrender the certificate of registry."

■ In considering the legality of the cancellation the court below was limited in its inquiry as to whether, after a fair hearing, the determination of facts by the department was supported by substantial evidence and whether the law was correctly applied. Tassari v. Schmucker (C. C. A.) 53 F.(2d) 570, and cases therein cited.

■ A study of the record shows conclusively that there was substantial evidence upon which the determination as to the cancellation of the certificate of registry was based and the action of the judge below in dismissing the petition for the writ of habeas corpus was proper and is accordingly affirmed.