**DAGGS v. KLEIN et al.**

**BRAITO v. KLEIN et al.**
Nos. 11581, 11772.

Circuit Court of Appeals.
Ninth Circuit.
Aug. 9, 1948.

Gladstein, Andersen, Resner & Sawyer, Herbert Resner and Norman Leonard, all of San Francisco Cal., for appellants.

Frank J. Hennessy, U. S. Atty. and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for appellees.

Before DENMAN, BONE, and ORR, Circuit Judges.

ORR, Circuit Judge.

Two separate suits were instituted in the District Court and motions to dismiss were heard before different judges. In the Daggs case the complaint was dismissed on the ground that no federal question was presented, and the Braito case was dismissed on the ground that the Secretary of the Navy, to whom we shall hereinafter refer as the Secretary, is an indispensable party. The cases were consolidated for argument and presentation on appeal.

The pertinent facts, as alleged in the complaints, are: Appellants Daggs and Braito were federal civil service employees stationed at Mare Island Navy Yard and were by order of the Secretary removed from service under the provisions of the Act of June 28, 1940, Public Law 671, 76th Congress, 54 Stat. 676, 50 U.S.C.A.Appendix, § 1156 [1]

Rear Admiral W. L. Friedell was at the time Commandant of the Mare Island Navy Yard and was designated by the Secretary to impart to appellants the reasons for their removal in compliance with the requirements of the statute. Pursuant to such designation Friedell advised appellants that their dismissals were warranted by the demands of national security, because a confidential investigation had disclosed they did not possess the requisite loyalty to the United States by reason of their active association with an organization which advocated the overthrow of the constitutional form of government of the United States. Thereafter, appellants informed Rear Admiral Friedell in writing [of facts on which they relied for their retention together with the personal opinion of each] why they should not have been discharged; that appellants made repeated demands on Friedell that appellants be fully informed of the reasons for their removal; that no further statement was given them. Appellants asked judgment of the court for an order that they be reinstated to their former em-

[1] 50 U.S.C.A.Appendix, § 1156: " * * * That during the national emergency declared by the President on September 8, 1939, to exist, the provisions of section 6 of the Act of August 24, 1912 (37 Stat. 555; 5 U.S.C. § 652), shall not apply to any civil-service employee of the War or Navy Departments or of the Coast Guard, or their field services, whose immediate removal is, in the opinion of the Secretary concerned warranted by the demands of national security, but nothing herein shall be construed to repeal, modify, or suspend the proviso in that section. Those persons summarily removed under the authority of this section may, if in the opinion of the Secretary concerned, subsequent investigation so warrants, be reinstated, and if so reinstated shall be allowed compensation for the period of such removal at the rate they were receiving on the date of removal: And provided further, That within thirty days after such removal any such person shall have an opportunity personally to appear before the official designated by the Secretary concerned and be fully informed of the reasons for such removal, and to submit, within thirty days thereafter, such statement or affidavits, or both, as he may desire to show why he should be retained and not removed."

176

ployment, that they be compensated for the time lost, and that their rights to accrued leave with pay as the same existed at the date of discharge be reinstated.

While the ground given by the trial court for the dismissal of the Daggs case was the absence of a federal question, the motion to dismiss presented the ground that the Secretary of the Navy was an indispensable party. That question is present in both cases. Being of the opinion that dismissal of both cases is required on the ground that the Secretary is an indispensable party, the question of whether or not a federal question is presented need not be determined.

There existed prior to December 8, 1947, considerable diversity of opinion and uncertainty in the circuits as to the circumstances which rendered a superior officer an indispensable party in a suit against an administrative official. This conflict and uncertainty was composed by the Supreme Court of the United States in the case of Williams et al., v. Fanning, Postmaster of Los Angeles, 332 U.S. 490, 68 S.Ct. 188. The Supreme Court in that case chartered the way in which a solution to the question should be approached and announced a formula to be applied, namely, "the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him."

Applying that formula to the instant case the query is: Who would be required to act by a decree granting the relief which appellants seek? The answer is found in relating the character of the relief sought to the applicable law. First, appellants ask reinstatement. Question: To whom does the statute delegate the power to reinstate under the circumstances? Answer: To the Secretary. Second, the appellants ask that they be compensated for the time lost. Question: To whom does the statute give the power to order compensation for the time of discharge? Answer: To the Secretary, if he sees fit to reinstate, and while no specific provision is made in the statute as to accrued leave, it is a fair implication

from the Act to say that in the event such power exists it rests with the Secretary. It seems clear that the relief sought in this case, in the event it was granted, would of necessity require the Secretary to take action by exercising directly a power lodged in him by the statute in question or under compulsion of a court decree. To no other person is the power of removal given, nor is the power of reinstatement placed in any other hands. Rear Admiral Friedell was the official designated by the Secretary to inform the appellants of the reasons for their removal and to receive the affidavits containing the reasons they desired to show why they should have been retained and not removed. His functions were those of a subordinate through whom the Secretary was exercising some of the powers lodged in him (the Secretary) by law. The reasons that actuated the Secretary in ordering the removal were best known to him. It must be presumed that the Secretary dictated to Friedell the information in that respect to be communicated to appellants. It was not the function of Admiral Friedell to either enlarge upon or subtract from those instructions. Demands by appellants for a more particular statement of the reasons for their dismissal would of necessity be passed upon by the Secretary. Admiral Friedell could do no more than pass the demands on to him for action.

We think the foregoing analysis demonstrates the Secretary to be an indispensable party. It is admitted that the Secretary was not served; that he did not submit himself to the court's jurisdiction, and that without his consent no court, other than that of the District of Columbia where he resides, may acquire jurisdiction over him.

Rear Admiral Klein has replaced Rear Admiral Friedell as Commandant at Mare Island Navy Yard. No personal judgment is sought and in the absence of the Secretary of the Navy no decree can be entered "which will grant the relief desired by expending itself on the subordinate official who is before the Court".

Order of dismissal is affirmed in each case.