**JEAGER v. SIMRANY.**

No. 12266.

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1950.

Frank E. Flynn, U. S. Atty., Phœnix, Ariz., Don Hummel, Asst. U. S. Atty., Tucson, Ariz., for appellant.

Scruggs & Butterfield, Edward W. Scruggs and A. E. Butterfield and Nolen L. McLean, Tucson, Ariz., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment in a declaratory judgment case in which the district court held that the Commissioner of Immigration had no power to entertain a proceeding to cancel a record of registry and a certificate of lawful entry by an alien into the United States, and enjoined the appellant from conducting a proceeding for that purpose. The court denied a motion to dismiss the complaint and, since the appellant announced he would stand on his motion and not proceed further, it entered the judgment.

Appellee is an alien who entered the United States prior to July 1, 1924. No record of his arrival was made at the time of entry. In such instances Section 328 of the Nationality Act of 1940 [1] authorizes the Commissioner to register the arrival and issue a certificate of lawful entry to an alien who satisfies the Commissioner that he entered the United States prior to July 1, 1924; is of good moral character, etc. Under the above section of the Act, ap-pellee's arrival was registered and he was issued a certificate of lawful entry.

Claiming the above records were procured by falsification, the Commissioner directed the Officer in Charge of the Immigration and Naturalization Service in Tucson (appellant) to conduct a hearing in the matter. A report, with recommendations, was to be forwarded to the Commissioner for his decision. Appellant ordered appellee to appear and show cause why the record of registry and certificate of lawful entry should not be cancelled. Instead of appearing, appellee brought this action seeking a declaratory judgment to establish his right to retain the certificate and to restrain the Officer in Charge from proceeding with the hearing. Appellee's contention is that the Commissioner has no power to cancel the type of records here involved.

Appellant contends that the district court had no power to entertain the case against appellant because the Commissioner of Immigration himself is a necessary party and has not been joined as defendant. We do not agree. The issue presented is that there is a complete absence of power in the Commissioner to make the cancellations. As we stated in Neher v. Harwood, 9 Cir., 128 F.2d 846, 849: "Where he [the superior official] was without authority to act at all in the premises his actions assuming to authorize action by the subordinate were of no validity and left the subordinate as the actor subject to restraint." [2]

The Commissioner's powers with respect to conferring citizenship through naturalization are stated in Chapter III of the Nationality Act of 1940. The pertinent provisions here with respect to appellee's certification of registry are:

Section 328(a) of the Nationality Act of 1940 provides that:

"The Commissioner shall cause to be made, for use in complying with requirements of this chapter, a registry of

1. 54 Stat. 1137 (1940), 8 U.S.C.A. § 728.

2. The Neher case was overruled, in part, by Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. But the Fanning case left unimpaired the principle for which we cite Neher.

each person arriving in the United States * * *."

Section 328(b) directs:

"Registry of aliens at ports of entry required by subsection (a) of this section may be made as to any alien not ineligible to citizenship in whose case there is no record of admission for permanent residence, if such alien shall make a satisfactory showing to the Commissioner, in accordance with regulations prescribed by the Commissioner, with the approval of the Attorney General, that such alien—

"(1) Entered the United States prior to July 1, 1924;

"(2) Has resided in the United States continuously since such entry;

"(3) Is a person of good moral character; and

"(4) Is not subject to deportation."

Section 328(c) directs that upon the making of such a record of registry, the alien in question

"shall be deemed to have been lawfully admitted to the United States for permanent residence as of the date of such alien's entry."

Section 329 of the Nationality Act of 1940, 8 U.S.C.A. § 729, provides:

"Sec. 329. (a) The certificate of arrival required by this chapter may be issued upon application to the Commissioner in accordance with regulations prescribed by the Commissioner, with the approval of the Attorney General, upon the making of a record of registry as authorized by section 328 of this Act.

"(b) No declaration of intention shall be made by any person who arrived in the United States after June 29, 1906, until such person's lawful entry for permanent residence shall have been established, and a certificate showing the date, place, and manner of arrival in the United States shall have been issued. It shall be the duty of the Commissioner or a Deputy Commissioner to cause to be issued such certificate."

In 1940 Congress created a proceeding codified as 8 U.S.C.A. § 740 [3] for the "Revocation of certificates issued by Commissioner or deputy" procured by fraud. The proceeding is before the Commissioner and the person to whom the certificate is issued is to be a party. The certificates so to be cancelled include "copy of a declaration of intention", to be used by any applicant in obtaining his citizenship, and certificates of citizenship and of naturalization thereafter obtained from the Commissioner.

In section 740 no power is given to revoke the instant certificate of lawful entry. Nevertheless the Commissioner sought to enhance his power to cancel by adding the certificate of lawful entry to his regulation 385.1 [4] to the hearings on the revocation of

---

3. "§ 740. Revocation of certificates issued by Commissioner or deputy.

"The Commissioner is authorized to cancel any certificate of citizenship or any copy of a declaration of intention or certificate of naturalization heretofore or hereafter issued by the Commissioner or a Deputy Commissioner if it shall appear to the Commissioner's satisfaction that such document was illegally or fraudulently obtained from the Commissioner or a Deputy Commissioner; but the person to whom such document has been issued, shall be given at such person's last known place of address, written notice of the intention to cancel such document with the reasons therefor and shall be given at least sixty days in which to show cause why such document should not be canceled. The cancelation of any such document shall affect only the document and not the citizen-

ship status of the person in whose name the document was issued." Nationality Act of 1940, § 340.

4. "§ 385.1. Report and notice. If, at any time after a certificate of lawful entry has been issued under Part 362 of this chapter, or a certificate of naturalization has been issued under Part 378 of this chapter, or a certificate of citizenship has been issued under Part 379 of this chapter, or a special certificate of naturalization has been issued under Part 380 of this chapter, or a new certificate in changed name or a new declaration of intention or a new certificate of naturalization or of citizenship has been issued under Part 382 of this chapter, or a new certified copy of the proceedings has been issued under § 382.6 or § 383.6 of this chapter, evidence becomes available to a district director of Immi-

the certificates specifically provided in section 740.

It is established by a long line of cases that "When Congress passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted. This permits the courts to participate in law enforcement entrusted to administrative bodies only to the extent necessary to protect justiciable individual rights against administrative action fairly beyond the granted powers." Stark v. Wickard, 321 U.S. 288, 309, 310, 64 S.Ct. 559, 571, 88 L.Ed. 733, and cases cited. We hold the district court's judgment restraining appellant and adjudging that the Commissioner has no lawful authority to cancel the record of registry and certificate of lawful entry should be affirmed.

Though it well may be that it was an oversight on the part of Congress not to have included in section 740 the records now in question, it is not for the Commissioner or the courts to cure the situation. It is also arguable that in the absence of the specific provisions of 740, the Commissioner, under his general powers of regulation,[5] could provide for the cancellation of all the various certificates issued by him or his deputies, but in view of the limitations inherent in the specific provisions of that section, that power cannot be held now to exist.[6] It should be noted that the Secretaries of Labor and of State and the Attorney General, the three officers concerned with such and other certificates, drafted section 740 and other provisions of the proposed Nationality Code. They presented the draft to the President who, in turn, presented it to Congress. These three officials stated that without section 740 the Commissioner had no power to revoke such certificates, stating of that section:

"Heretofore there has been no means of recalling or revoking any of the documents evidencing naturalization or citizenship status which may have been obtained illegally or fraudulently from the officers in charge of the administration of the immigration and naturalization laws. This has left open a wide avenue for fraud, as there is more or less extensive traffic here and abroad in naturalization documents evidencing United States citizenship status * * *."[7]

If without section 740 a certificate such as a *copy* of a declaration of intention (the copy being issued by the Commissioner without court process) could not be revoked by him for fraud committed upon him, it is difficult to find a substantial basis for treating a record of registry differently. A "certificate of arrival" as well as a "declaration of intention" must be filed with the naturalization court when the petition for naturalization is made[8]—and the "certificate of arrival" is issued only if a record of lawful entry exists.[9] Indeed, the cancellation of a record of registry may have far more drastic effect than the cancellation of a copy of a declaration of intention. Section 740 expressly provides that cancellation by the Commissioner of the documents specified therein "shall affect only the document and not the citizenship status of the person in whose name the document was issued." No similar safeguard exists with respect to cancellation of the records involved in the instant case. To cancel the record of registry would make it impossible

---

gration and Naturalization indicating that such record or document was obtained illegally or fraudulently, a complete report shall be promptly submitted to the Central Office by the district director, with comment and recommendation * * *." (Emphasis supplied.)

5. See Nationality Act of 1940, § 327(b), 8 U.S.C.A. § 727(b).

6. The case of United States ex rel. Dopico v. Revell, 4 Cir., 73 F.2d 221, considering a regulation for the cancellation of

the record of entry itself, was decided in 1934, prior to the enactment of the specific provisions of § 740.

7. Explanatory Comments by the Framers of the Nationality Act of 1940 (reprinted in Hearings Before the Committee on Immigration and Naturalization, House of Rep., 76 Cong., 1st Sess., on H.R. 6127, superseded by H.R. 9980).

8. Nationality Act of 1940, § 332, 8 U.S.C.A. § 732.

9. 8 C.F.R. § 363 (1947 Supp.).

for an alien to proceed with the steps necessary for naturalization. And, as appellant's brief contends, appellee would be subject to deportation.

However, the government is not without remedy. It may institute proceedings in the district courts to cancel certificates fraudulently procured. United States v. Bell Telephone Co., 128 U.S. 315, 357 et seq., 9 S.Ct. 90, 32 L.Ed. 450. The alien appellee, if he procured his certificate by fraud, may be prosecuted for a felony subject to a maximum of a fine of $5,000 or imprisonment for five years, or both, 8 U.S.C.A. § 746.[10]

The judgment of the district court is affirmed.

---

10. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 1425, 1428.