**NAVARRO v. LANDON, District Director.**

**No. 13869.**

United States District Court,
S. D. California, Central Division.

June 19, 1952.

74

Newman & Newman, Los Angeles, Cal., for plaintiff.

Walter S. Binns, U. S. Atty., Clyde C. Downing and Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

Plaintiff seeks a declaratory judgment and an injunction to prevent the defendant, who is District Director of Immigration and Naturalization, from deporting him under an order of deportation issued by the Commissioner of Immigration and Naturalization.

The defendant moved for dismissal on the ground of failure to join an indispensable party, viz. the Commissioner of Immigration and Naturalization.

The determination of when a superior officer is an indispensable party to a suit instituted against his subordinate has been a vexing problem which has long plagued the courts. In 1941, Mr. Justice Roberts remarked, "it is not 'an easy matter to reconcile all the decisions of the court in this class of cases.'" and that, since the case then before the court could be disposed of on other grounds, "we are unwilling to base our judgment upon a resolution of asserted conflict touching issues of so grave consequence".[1] In 1947 in the case of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95, the Supreme Court resolved the conflict and Mr. Justice Douglas observed, "the distinction we have noted between these two lines of cases apparently was not as clear to others as it seems to us." In the Fanning case the distinction between the "two lines of cases" was clearly stated: "the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising * * * a power lodged in him or by having a subordinate exercise it for him." On the other hand, the superior is not an indispensable party "if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court", and it is immaterial that the subordinate "would be left under a command of his superior to do what the court has forbidden." The Supreme Court, in the Fanning case, seems to have found a satisfactory rationale in what appeared to be two incongruous lines of authority.

In most of the cases under the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., since Fanning, the courts have held the Housing Expediter to be an indispensable party because the power to administer the act was lodged in him "and the purpose of the suit is to *require him to take action* in the exercise of his statutory powers".[2] (Emphasis added.) However, where he is not required to take action, the expediter is not an indispensable party and the Ninth Circuit (citing Fanning) held that it is immaterial that the subordinate officer might be left under a

1. Brooks v. Dewar, 313 U.S. 354, 61 S.Ct. 979, 981, 85 L.Ed. 1399.

2. Berlinsky v. Woods, 4 Cir., 178 F.2d 265, 267; Jacobs v. Office of Housing Expediter, 7 Cir., 176 F.2d 338.

command of his superior to do what the court had forbidden him to do.[3]

In a case where plaintiffs were federal civil service employees removed from service by the Secretary of the Navy, and were seeking relief in the form of reinstatement and compensation for the time lost, the Court of Appeals (Ninth Circuit) held the Secretary to be an indispensable party because "the relief sought in this case, in the event it was granted, would of necessity require the Secretary *to take action by exercising directly a power lodged in him* by the statute in question or under compulsion of a court decree. To no other person is the power of removal given, nor is the power of reinstatement placed in any other hands."[4] (Emphasis added.)

In Yanish v. Wixon, D.C., 81 F.Supp. 499, 500, Judge Harris ruled that defendant's contention that the Attorney General of the United States was an indispensable party to a suit seeking to restrain the District Director from conducting deportation proceedings against plaintiffs "has been passed upon adversely to the claim of defendant in the recent case of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188 [92 L. Ed. 95]", but dismissed the complaint on the ground that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., was not applicable to deportation proceedings. On appeal the Court of Appeals (Ninth Circuit) reversed on the ground that the Administrative Procedure Act is applicable to deportation proceedings, and remanded the cause "with instructions to grant the relief prayed for in the complaint".[5]

Jeager v. Simrany, 9 Cir., 180 F.2d 650, 651, was a suit for declaratory judgment and injunction by an alien against the officer in charge of Immigration and Naturalization Service in Tucson, Arizona. Chief Judge Denman delivered the opinion and stated, "Appellant contends that the district court had no power to entertain the case against appellant because the Commissioner of Immigration himself is a necessary party and has not been joined as defendant. We do not agree."

In the instant case both parties concede that Williams v. Fanning, supra, is controlling, but they have widely divergent views as to its application. The defendant contends that the plaintiff is actually seeking to review the decision of the Commissioner of Immigration and that a judgment against the District Director will not effectively grant the relief desired because, although it would bind the defendant, it would not be binding on other district directors in the event the plaintiff moved to another district and was confronted with a similar order by the Commissioner directing the director of that district to deport the plaintiff. It is true that the proceeding against the District Director would necessitate passing upon the validity of the Commissioner's order directing the defendant to deport the plaintiff, but that was the situation in the Fanning case where the Postmaster General's order directed the defendant, Fanning, to perform the acts sought to be enjoined. The Supreme Court said it was immaterial that the subordinate officer might be left under a command of his superior to do what the court had forbidden him to do. It is also true that the decree of this court will expend itself on the District Director who is the only defendant before the court and that it will not be effective against directors in other districts. But the plaintiff is not seeking to restrain directors in other districts. It is this defendant who has been directed by the Commissioner to deport the plaintiff. This court may not compel the plaintiff to anticipate that he will change his residence to another district and be confronted by an order of the Commissioner directing the director of that district to deport him. The term "relief desired" as used in Williams v. Fanning can only mean relief desired by the plaintiff. The plaintiff is threatened with deportation by the defendant. If the defendant desists in his efforts to deport the plaintiff, the matter is at an end. That is all the relief

---

3. Koepke v. Fontecchio, 9 Cir., 177 F.2d 125.

4. Daggs v. Klein, 9 Cir., 169 F.2d 174, 176.

5. Yanish v. Barber, 9 Cir., 181 F.2d 492.

the plaintiff seeks. The decree in order to be effective need not require the Commissioner to do a single thing.

The motion to dismiss is denied. Plaintiff is requested to prepare and submit an order in accordance with Local Rule 7.