**CHAVEZ v. McGRANERY, Atty. Gen. et al.**
**Civ. 14301.**

United States District Court
S. D. California, Central Division.

Oct. 31, 1952.

256

David C. Marcus, Los Angeles, Cal., for petitioner.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., Robert K. Grean, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

BYRNE, District Judge.

Petitioner has filed a petition which he denominates "Petition for Judicial Review or Habeas Corpus", naming the Attorney General and the local District Director of Immigration as respondents.

The material allegations of the petition may be summarized as follows: Petitioner is a native and citizen of the Republic of Mexico, born February 21, 1918, at Hidalgo, Mexico; petitioner last entered the United States on or about November 18, 1938, near the port of El Paso, Texas; at the time of his entry he was not in possession of an immigration document, visa, passport, or other travel document which permitted him to enter and remain permanently in the United States; he has resided in the United States continuously ever since; petitioner was married in the Republic of Mexico in 1934; he has one child as a result of this marriage; his wife and child reside in Mexico; at a hearing pursuant to a warrant of arrest issued in 1947 by the Department of Justice, Immigration and Naturalization Service, having been advised of his right to do so, the petitioner made application for the privilege of suspension of deportation under the discretion granted to the Attorney General by section 155(c), Title 8 U.S.C.A.; petitioner's application was accepted and a hearing granted; it was determined that petitioner is a citizen of Mexico subject to deportation on the ground that at the time of entry he was an immigrant not in possession of a valid immigration visa; petitioner meets the statutory requirement for eligibility for voluntary departure pursuant to 8 U.S.C.A. § 155(c) (1), and for suspension of deportation pursuant to 8 U.S.C.A. § 155(c) (2); an order was made granting petitioner the privilege of voluntary departure under the authority vested in the Attorney General by section 155(c) (1).

The petitioner further alleges that the failure to grant petitioner discretionary relief *suspending his deportation,* was capricious, arbitrary and unwarranted and a violation of 8 U.S.C.A. § 155, and "the discretion vested in said Immigration Service by said section". (Note: Section 155 vests the discretion in the *Attorney General.*) It is further alleged that petitioner

was denied procedural due process of law in that the hearing officer conducting said hearings was not lawfully and legally appointed according to law to conduct said hearings, and that his decision recommending an order requiring petitioner's voluntary departure from the United States was arbitrary, capricious and unwarranted. Petitioner prays that citation issue against the Attorney General and the District Director of Immigration to show cause before this court why said proceedings should not be annulled.

The respondents have moved for a dismissal on the grounds of lack of jurisdiction of the person of the Attorney General, improper venue, insufficiency of process, insufficiency of service of process and failure to join an indispensable party.

Respondents contend that this is a case where agency action may not be judicially reviewed because it is a case peculiarly committed to agency discretion, wherein the action is by section 155(c) of Title 8 committed to the discretion of the Attorney General, and cite the exception to the right to judicial review contained in 5 U.S.C.A. § 1009, as follows:

"§ 1009. Judicial review of agency action. Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion."

■ The exception refers only to *exercised discretion* and does not mean that merely because a statute commits action to agency discretion, the right to judicial review does not exist to determine whether or not the discretion has been exercised. U. S. ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371. The statute with which we are here concerned commits the exercise of discretion to the Attorney General. The court may not, in a review of the agency action, substitute its discretion for that of the Attorney General, but where the petitioner has alleged he was denied procedural due process of law which deprived him of the exercise of the Attorney General's discretion, he is entitled to a hearing and judicial determination of that question. This right is derived, not from the statute, but from the Fifth Amendment to the Constitution of the United States, which prohibits a deprivation of liberty or property without due process of law. Bridges v. Wixon, 9 Cir., 144 F.2d 927, reversed on other grounds, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103.

■ A decree requiring the Attorney General to exercise the discretion committed to him could only be effective if granted by a court with jurisdiction over his person. The Attorney General's residence is in the District of Columbia. This court's process does not extend to the District of Columbia and it cannot require his attendance here. It, therefore, has no jurisdiction over his person. Connor v. Miller, 2 Cir., 178 F.2d 755.

We now come to the question of whether petitioner can proceed against the local District Director of Immigration alone, or whether the Attorney General is an indispensable party.

■ The petitioner contends that the Attorney General is not an indispensable party, and relies upon Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, and Navarro v. Landon, 106 F.Supp. 73, decided by this court on the authority of the Fanning case.

In the Navarro case the plaintiff alleged that he was a legal resident of the United States lawfully admitted to this country on an immigration visa as a non-quota immigrant for permanent residence; that an order for his deportation had been issued and the District Director threatened to deport him unless restrained by the court. In the Navarro case the issue raised by the complaint was whether the plaintiff was a legal resident entitled to permanent residence. If the court determined the issue in plaintiff's favor, the District Director would be ordered to desist in his efforts to disturb plaintiff in the enjoyment of his legal residence and the matter would be at an end. The decree would effectively grant the relief sought by the plaintiff without requiring the District Director's superior to do a single thing. Therefore, under the authority of the Fanning case, the District Director's superior was not an indispensable party.

The instant case is distinguishable in that the relief which the petitioner is seeking *requires affirmative action on the part of the District Director's superior.* There is no contention that petitioner is a legal resident of this country. On the contrary, he alleges that he entered the United States illegally and that, as a deportable alien *he is seeking a grant of suspension of deportation.* The Attorney General alone is vested with the discretionary power to grant suspension of deportation, and a decree which expended itself on the District Director as the only respondent before the court could not grant the relief the petitioner is seeking. It follows that the Attorney General is an indispensable party. Williams v. Fanning, supra; Daggs **v.** Klein, 9 Cir., 169 F.2d 174.

The motion to dismiss is granted.