**SAVALA–CISNEROS v. LANDON, District Director of Immigration at Los Angeles.**

**Civ. A. No. 14749.**

United States District Court
S. D. California, Central Division.

March 11, 1953.

David C. Marcus, Los Angeles, Cal., for petitioner.

Walter S. Binns, U. S. Atty., Clyde C. Downing, Paul Magasin, Robert K. Grean, Asst. U. S. Attys., Los Angeles, Cal., for respondent.

BYRNE, District Judge.

Cisneros is discontented with the manner in which the Attorney General exercised the discretion lodged in him under the provisions of 8 U.S.C.A. § 155(c), and has filed a petition for judicial review pursuant to Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009.

Respondent has moved to dismiss the petition for failure to join an indispensable party, viz., the Attorney General of the United States.

The facts are similar to those in the case of Chavez v. McGranery, 1952, 108 F.Supp. 255, decided by this court.

It is an undisputed fact that Cisneros is a citizen of Mexico illegally present in this country and is deportable. As a deportable alien he sought the exercise of the discretion vested in the Attorney General to grant the privilege of voluntary departure or suspension of deportation. The Attorney General, in the exercise of his discretion, granted the privilege of voluntary departure, but did not grant suspension of deportation.

With respect to Cisneros' dissatisfaction with the result of the discretion exercised by the Attorney General, the court, assuming it had jurisdiction over the person of the Attorney General, could not afford relief as Congress has committed the exercise of that discretion to the Attorney General alone, and the court may not substitute its discretion.

If the Attorney General's action could be construed as a *refusal to exercise* the discretion, as distinguished from the manner in which it is exercised, the courts may grant relief by requiring him to take action. Such an order can be made only by a court exercising jurisdiction over the person of the Attorney General. He is, therefore, an indispensable party to a proceeding seeking a decree requiring him to exercise a power lodged in him. Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Daggs v. Klein, 9 Cir., 169 F.2d 174.

The petitioner has advanced an additional argument which was not asserted in the Chavez case. He insists that the Attorney General did not *personally* appear in the proceedings and that the abuse of

discretion which he is protesting is that of the Attorney General's subordinates, *i. e.,* the hearing officer. who recommended denial of suspension of deportation and the Commissioner of Immigration who made the order. The short answer to that. dogmatic assertion is that, unless the hearing officer and the Commissioner of Immigration were acting for and on behalf of the Attorney General, they had no power to act at all. Cisneros is conceded to be in this country illegally and is a deportable alien. There is *only one person* who has the power to exercise the discretion of granting suspension of deportation to a deportable alien, and that is the Attorney General. He may exercise this power directly or by having a subordinate exercise it for him. If Cisneros complains about anyone other than the Attorney General refusing to grant suspension of deportation, he fails to state a claim upon which relief can be granted. If he complains that the Attorney General has refused to exercise his discretion, he can obtain relief only from a court with power to order the Attorney General to exercise "directly a power lodged in him or by having a subordinate exercise it for him." Williams v. Fanning, supra [332 U.S. 490, 68 S.Ct. 189].

The motion to dismiss is granted. Counsel for the defendant is requested to submit an order in conformity with local Rule 7.