**Luis Alvaro CEBALLOS (y Arboleda), Plaintiff,**

v.

**Edward J. SHAUGHNESSY, District Director of Immigration and Naturalization Service at the Port of New York, Defendant.**

United States District Court
S. D. New York.

April 15, 1955.

Blanch Freedman, Gloria Agrin, New York City, for plaintiff.

J. Edward Lumbard U. S. Atty. for the Southern Dist. of New York, New York City, for defendant. Harold J. Raby, Asst. U. S. Atty., Lester Friedman, Atty., Immigration and Naturalization Service, New York City, of Counsel.

IRVING R. KAUFMAN, District Judge.

This action has been brought pursuant to Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and the general jurisdictional provision of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1329, to review the administrative proceedings of the Immigration and Naturalization Service wherein plaintiff was found deportable but was permitted to depart voluntarily in lieu of deportation. The motion now before the Court is one by the defendant [1] to dismiss the complaint:

1. The plaintiff moved before this Court for an order restraining the defendant from deporting him pending the determination of this motion. Upon the representation of counsel for the defendant that no action against the plaintiff would be tak-

(1) for failure to state a claim;

(2) for failure to name an indispensable party—i. e. the Attorney General of the United States and/or the Commissioner; and

(3) for failure to pursue the proper form of remedy (contended to be habeas corpus).

Plaintiff, a subject of Colombia, last entered the United States on April 2, 1951, on a temporary visa, en route to Mexico. He has remained here ever since. A warrant of arrest for his deportation issued on April 23, 1951 for his failure to maintain transit status. Thereupon, he applied for suspension of deportation. Hearings were held, and on January 25, 1954, the hearing officer found plaintiff to be deportable and denied his application for suspension of deportation on the ground that he was statutorily ineligible for such relief because of his voluntary execution of an application for exemption from military service under Section 3(a) of the Selective Training and Service Act of 1940.* On October 19, 1954, the Board of Immigration Appeals dismissed plaintiff's appeal from the hearing officer's order on the ground that plaintiff had voluntarily and knowingly executed the application for exemption from military service, and thus was statutorily ineligible for suspension of deportation. This action against the District Director was instituted shortly after the Board's denial of plaintiff's request for reconsideration on February 17, 1955.

The primary attack of the plaintiff in this action is upon the finding that he is statutorily ineligible for the discretionary relief of suspension of deportation. The relief requested in the complaint is a judgment declaring the plaintiff to be statutorily eligible for suspension of deportation, an order setting aside, and restraining the defendant from executing, the final order of the Board, and an order "directing the defendant to process * * * in accord-

ance with the mandate of this Court, plaintiff's application for suspension of deportation."

In light of the relief requested in the complaint, the Court deems the second ground urged by the defendant District Director to be dispositive of the issues in the case. Although there has been judicial criticism directed at the cases holding a superior officer to be an indispensable party in litigation against the Government, the Court is constrained by precedent to hold that the Attorney General and/or the Commissioner are indispensable parties to the instant action.

In De Pinho Vaz v. Shaughnessy, 2 Cir., 1953, 208 F.2d 70, the Court of Appeals for this Circuit held that the Attorney General and/or the Commissioner of Immigration are indispensable parties to an action to review an adverse holding of the Board with respect to an application for suspension of deportation. The basis for the Vaz holding was characterized by the Court of Appeals in Pedreiro v. Shaughnessy, 2 Cir., 1954, 213 F.2d 768, 769, as involving "an attempt by a concededly deportable alien to review an order holding him not eligible for suspension of deportation, essentially a discretionary matter * * *". Pedreiro, which distinguished Vaz on the aforementioned basis, held that the Attorney General and/or the Commissioner of Immigration are not indispensable parties to an action to review a deportation order solely on the ground that the *findings of deportability* were unconstitutional. No application for suspension of deportation was involved.

Both Pedreiro and Vaz are grounded upon the basic criteria for determining the indispensability of a superior officer declared by the Supreme Court in Williams v. Fanning, 1947, 332 U.S. 490 68 S.Ct. 188, 92 L.Ed. 95. "[T]he superior officer is an indispensable party if a decree granting the relief sought will require him to take action,

en, the plaintiff withdrew the application.

* Now 50 U.S.C.A.Appendix, § 454.

either by exercising directly a power lodged in him or by having a subordinate exercise it for him." 332 U.S. 490, 493, 68 S.Ct. 189. On the other hand, the superior is not indispensable "if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." Id., 332 U.S. at page 494, 68 S.Ct. at page 189. Vaz and the instant case involve relief against the Attorney General with respect to the discretionary power of suspension of deportation. *Effective* relief cannot be granted merely by preventing the District Director from deporting an admittedly deportable alien. Compelling exercise of the discretionary power to suspend deportation is the *sine qua non* of effective relief in this situation. Without compelling the Attorney General to exercise such discretion, the plaintiff will continue in the status *ad infinitum* of an alien clearly deportable for failure to continue in transit to Mexico. The District Director can never alter plaintiff's status as an admittedly deportable alien; only the Attorney General, *notwithstanding such deportability*, can suspend his deportation. Petitioner recognizes that this uncertain status without more is unsatisfactory for in his prayer for relief in this action he asks that "An order be made and entered herein directing the defendant to process, consonant with law and in accordance with the mandate of this Court, plaintiff's application for suspension of deportation" which order of suspension can be granted only by the Attorney General. See also Savala-Cisneros v. Landon, D.C. S.D.Cal.1953, 111 F.Supp. 129; Chavez v. McGranery, D.C.S.D.Cal.1952, 108 F. Supp. 255. On the other hand, Pedreiro does not involve an appeal to higher authority. Pedreiro was not requesting a favor which only the Attorney General could grant; his claim was that he had a *right* to remain on our shores because he was not deportable *in the first instance*. See Gong Poy v. Sahli, D.C.N.D. Ill.1954, 125 F.Supp. 740. Even his claim may eventually have to be litigated in the nominal presence of the Attorney General; at this date, the Third Circuit and other courts [2] require him to be present in some form, neither physical nor spiritual, and the Supreme Court has granted certiorari in Pedreiro, 1954, 348 U.S. 882, 75 S.Ct. 124.[3]

Motion to dismiss granted. So ordered.

2. Podovinnikoff v. Miller, 3 Cir., 1950, 179 F.2d 937; Slavik v. Miller, 3 Cir., 1950, 184 F.2d 575, certiorari denied, 1951, 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688; Paolo v. Garfinkel, 3 Cir., 1952, 200 F.2d 280; Belizaro v. Zimmerman, 3 Cir., 1952, 200 F.2d 282; Rodriguez v. Landon, 9 Cir., 1954, 212 F.2d 508.

3. Perhaps the Supreme Court will utilize this opportunity to thoroughly re-examine the policy basis for the standards it set forth in Williams, in light of the many persuasive arguments for modification offered by some courts and writers. E. G. Hart & Wechsler, The Federal Courts and the Federal System (1953) 1189; Note, 54 Columbia Law Rev. 1128 (1954); Pedreiro, supra, 213 F.2d at page 770.