Hilmer SCHUETZLE, Willis Rodenberg, John Pollock, and Martin Schaeffer, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

William D. DUBA, George O. Crouch, and Walter N. Evans, individually and as members of the Agricultural Stabilization and Conservation Committee for the State of South Dakota, and Al Jonnson, individually and as State Administrative Officer for the Agricultural Stabilization and Conservation Committee for the State of South Dakota, Defendants.

Civ. No. 901 N. D.

United States District Court
D. South Dakota, N. D.
Jan. 24, 1962.

Maynes & Myers, Aberdeen, S. D., for plaintiffs.

Harold Doyle, U. S. Atty., and Travis Lewin, Asst. U. S. Atty., Sioux Falls, S. D., for defendants.

BECK, District Judge.

This is a rehearing, granted at the request of the defendants because of their complaint that the two day notice under Rule 65(b) F.R.Civ.P., 28 U.S.C.A., necessarily invoked as the first hearing was held, did not afford the time they needed to answer the plaintiffs' application for the preliminary injunction which was issued on September 23, 1961.

The controversy which led first to a restraining order and then to an application for and the granting of the preliminary

injunction, arose out of an alleged attempt by the defendants under cloak and pretense of official authority to compel the Campbell County, South Dakota ASC committee to move its office from Mound City to Herreid, another town in the same county, contrary to the provisions of subparagraph 7.32 of the Regulations Governing ASC County and Community Committees, which provides:

"Location. The office of the county committee shall be located in a place selected by the county committee subject to the approval of the State committee. In selecting the location of the county office, consideration shall be given to convenience to farmers, accessibility to other Federal, State, and county agricultural agencies, adequacy of space, and economy of operations. The State committee may authorize the combination of county offices with the approval of the county committees concerned, or if only a few farmers are involved and it is uneconomical to maintain separate county offices, the State committee may order the combination of such offices with the prior approval of the Deputy Administrator."

■ For purpose of the hearing it was and has been adequately shown that the defendants in the process of attempting to force the local committee to initiate such relocation and prevent the exercise of its own judgment, first threatened to and thereafter dismissed two members who refused to vote as they were told on the proposed relocation. Two alternates, who stepped in to fill the vacancies, received like treatment and for the same reasons. The defendants' hint that the Campbell County ASC office would be combined with one in another county, was another expedient used as they sought obedience to their proposal and a commentary that a committeeman once dismissed could never again qualify for federal employment, was one more used to dissuade.

Confronting the court at the time of the granting of the restraining order on September 15, 1961, and again on hearing of the motion for preliminary injunction, was progress in the defendants' scheme for relocation to the extent that office quarters at Herreid had been selected, under circumstances tending to show that the defendants had initiated that act and not the local committee; that two of the committeemen and their alternates had been dismissed because they were voting to oppose; that the defendants' method had stifled all local committee activities; that mob resistance to the defendants' relocation proposals was in progress and that the defendants but for the preliminary injunction would have consummated the circumventing measures they had employed.

The state committee's and its administrative officers' use of those methods in an attempt to complete the contemplated relocation, without official local committee hindrance, was an illegal effort to use powers they didn't have, to invade the domain of rights, exclusively vested in the local committee, usurp its administrative functions by coercive means, to compel obedience by threats and by unwarranted dismissals to prevent local committee administrative questions to be decided by majority vote.

■ It was for the local ASC committee, in the first instance under the regulations, to decide whether or not the committee office should be moved to another location. Its decision on that point would have been final. The state committee, following a decision to relocate, acting in a supervisory capacity only, could approve or disapprove. It could do no more.

Further background for the commencement of the action, for the motion and for the granting of the preliminary injunction, is in the original plaintiffs, being Campbell County farmer participants in the monetary and other benefits prescribed under the Soil Conservation and Domestic Allotment Act of 1936, as amended, 16 U.S.C.A. § 590(h), and in the defendants' unlawful and autocratic ousting of that county's ASC, with intent to divest the farmer shareholders of a voice

by representation in the county ASC management.

■ Official opposition to the relocation from the local committee, thus, dismissalwise, having been destroyed, it was for those with actual contract interests in the benefits of the farm program and in prescribed orderly county administration thereof, to prevent ultra vires encroachments by the defendants by stepping into the county committee vacancies, so as to preserve the status quo, pending official election of other ASC members to take the places of those who had been deposed.

Though interim acting and self-appointed, they were actually and semi-officially attending to an administrative function which but for the illegal deactivation of the county ASC, presumably in view of the record, would have had the attention of its members.

The standing of the original plaintiffs for purpose of this suit, under those circumstances, is in no material respects different from what it would have been, had the local committee been the plaintiff. Moreover, the defendants, since they created the situation, can't and shouldn't be permitted to urge insufficiency of standing as a defense.

On that theory the court is of the opinion that the case at the time of the hearing, was within the rule, as to standing, in Coleman v. Miller, 307 U.S. 433, 59 S. Ct. 972, 83 L.Ed. 1385:

"But there has been recognition of the legitimate interest of public officials and administrative commissions, federal and state, to resist the endeavor to prevent the enforcement of statutes in relation to which they have official duties. * * *"

See also United States ex rel. Chapman v. Federal Power Commission, 345 U.S. 153, 73 S.Ct. 609, 97 L.Ed. 918 and 3 Davis Administrative Law, Section 22.15.

Alleged failure to show irreparable damage is another reason urged why the injunctive relief should have been denied, even as the defendants, arguendo, admit that the complained of acts might have been ultra vires, or outside the restricted area of delegated powers and duties.

■ "Irreparable injury or damage which may be prevented by injunction includes damage 'irreparable' in the sense that it cannot be estimated by any accurate standard but only by conjecture", Columbia College of Music & School of Dramatic Art v. Tunberg, Wash., 116 P. 280. Such damage "does not have reference to amount of damage caused, but rather to difficulty * * * of measuring amount of the damages inflicted", Crouch v. Central Labor Council of Portland and Vicinity, Oregon, 293 P. 729. "An irreparable injury is one the extent of which is doubtful, making it impossible to ascertain the measure of just compensation", Lyon v. McLaughlin, 32 Vt. 423, and in the same case, "where the extent of a prospective injury is uncertain, so that it is impossible to ascertain the measure of just reparation, the injury is irreparable in a legal sense, so that an injunction will be granted to prevent such an injury." See also 43 C.J.S. Injunctions § 23, p. 447.

■ Subparagraph 7.32, supra, is specific on the point that "consideration shall be given to convenience to farmers, accessibility to other Federal, State, and county agricultural agencies, adequacy of space, and economy of operations * * *", as the county committee gives consideration to selection of locale. Irreparable damages are likely results when and where as in this case those considerations are prevented.

Related to the question which is before the court on this motion, is the applicability of the review provisions in 5 U.S. C.A. § 1009(b), which provides:

"The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory

injunction or habeas corpus) in any court of competent jurisdiction. * * * *" (Emphasis supplied). as to which Judge Holtzoff in Snyder v. Buck, D.C., 75 F.Supp. 902 (reversed on other grounds in 85 U.S.App.D.C. 428, 179 F.2d 466, 339 U.S. 951, 70 S.Ct. 837, 94 L.Ed. 1364, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15) held:

> "The foregoing analysis irresistibly leads to the conclusion that every final agency action which is not in the realm of discretion, or in respect to which no statute precludes judicial review, and which adversely affects the legal rights of any person, is subject to judicial review under the Administrative Procedure Act. The form of review is any suitable or appropriate proceeding, unless an adequate remedy is otherwise provided by a special statute. *A review may, for example, be had by an action for a declaratory judgment, by an action for a restraining or mandatory injunction,* by a petition for a writ of habeas corpus, or some other fitting remedy." (Emphasis supplied).

■ Suggestions that the relied on regulations do not have the force of statutory directives, are negatively answered in Jeffries v. Olesen, D.C., 121 F.Supp. 463, as the court said:

> "These administrative regulations, made in pursuance of constitutional statutory authority are valid and have 'the force and effect of law' * * * *."

> "Violation of valid administrative regulations, even by the administrator himself, constitutes in legal effect a violation of the statute. * * * *"

See also U. S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681, Chapman v. Sheridan-Wyoming Co., 338 U.S. 621, 70 S.Ct. 392, 94 L.Ed. 393 and Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103.

■ Like disposition is made of another contention that the Secretary of Agriculture is an indispensable party. See Ceballos v. Shaughnessy, 130 F.Supp. 30, affirmed 229 F.2d 592, affirmed 352 U.S. 599, 77 S.Ct. 545, 1 L.Ed.2d 583, May v. Maurer, 10 Cir., 185 F.2d 475, and Larson v. Domestic Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, in each of which it was pointed out that the actions instituted against agents of the United States, a superior officer is only an indispensable party if the decree of relief sought will compel him to do an act under powers delegated to him or by requiring a subordinate to perform such acts for the former, and more specifically Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, on the same point:

> " * * * the superior is not indispensable 'if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court.' * * * *"

See also Webster v. Fall, 266 U.S. 507, 45 S.Ct. 148, 69 L.Ed. 411, Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231 and 3 Davis Administrative Law Section 27.08.

Accordingly it is held that the plaintiffs as of the time of the first hearing, had basis for injunctive relief and the preliminary injunction the court granted.

■■ But the situation, which for reasons hereinbefore assigned, permitted the original plaintiffs to bring the action, was changed as they and the defendants on October 25, 1961, by stipulation agreed to an amended complaint and answer thereto, the change effected being the naming of Herb Ritter, R. B. LaFave and Virgil Biel, chairman, vice-chairman and member, respectively of the Campbell County ASC committee, as additional party plaintiffs. That action necessarily ended any need for participation in this action by the original plaintiffs, inasmuch as the Campbell County farmer participants, since that time have been and are now represented by a duly elected county ASC committee. It also ended the need for the continuance of the preliminary injunction, since it is for the new committee, subject to the approval of the state ASC, to decide on any re-

location or any other matters related thereto. That change and by the circumstances thereby created permits a dissolution of the preliminary injunction as of this time. It is on the court's own motion so ordered and the bond is canceled.