### AVILA–CONTRERAS et al. v. McGRANERY et al.
#### Civ. No. 14402.

United States District Court
S. D. California, Central Division.
May 22, 1953.

David C. Marcus, Los Angeles, Cal., for plaintiffs:

Walter S. Binns, U. S. Atty., Clyde C. Downing, Asst. U. S. Atty., and Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

BYRNE, District Judge.

The petitioners filed a complaint denominated "Petition for Judicial Review" in which James McGranery as Attorney Gen-

eral of the United States, and H. R. Landon as District Director of Immigration at Los Angeles, were named respondents.

The material allegations of the petition may be summarized as follows: petitioners are husband and wife, they are citizens and nationals of Mexico; they last entered the United States on November 20, 1944, as temporary visitors and remained in this country thereafter; warrants of arrest were served on them in December, 1950; they were released on their own recognizance and are now at liberty; the petitioners applied for suspension of deportation pursuant to section 19(c) of the Immigration Act of 1917, 8 U.S.C.A. § 155, which authorizes the Attorney General, in his discretion, to suspend deportation of deportable aliens; each of the petitioners established eligibility for suspension of deportation; the Commissioner of Immigration rendered his decision that suspension of deportation not be granted but that voluntary departure be allowed; an appeal was taken to the Board of Immigration Appeals and was dismissed by the Board. Although the petitioners allege they *are not in custody,* they pray "For a writ of habeas corpus directed to said District Director, commanding him to have your petitioners before this Honorable Court, concerning their restraint, * * *" The Attorney General made a general appearance when he joined the District Director in the "Answer and Return to Petition for Writ of Habeas Corpus", but as a separate defense be alleged that the court has no jurisdiction over him as he can only be served with process in the District of Columbia.

After the answer was filed, the respondents filed an application under Rule 12(d), Fed.Rules Civ.Proc. 28 U.S.C.A., for a hearing on the issues raised by respondents' special defenses. The court deferred ruling until the time of trial.

When the case was called for trial, counsel for the petitioners announced they had no evidence to offer. The respondents offered and the court received in evidence a certified copy of the administrative record and three letters addressed to the petitioners by the respondent Landon. The parties then entered into a stipulation "that the

Attorney General has not made a general appearance as a party-defendant" and the cause was submitted to the court for decision.

After examination of the pleadings and the evidence, the court finds: the petitioners are husband and wife; they are citizens and nationals of Mexico; they both resided in the United States for several years prior to May, 1932, when they departed for Mexico where they remained until November, 20, 1944, at which time they were admitted to the United States as temporary visitors until December 12, 1944; that neither of them has been granted an extension of their temporary stay in the United States, but both have remained here continuously since November 20, 1944; in December, 1950, warrants of arrest in deportation were served on each of them and they were released on their own recognizance; they are now and ever since said release have been at liberty and not in custody; a hearing was conducted before a hearing officer of the Immigration Service on July 3, 1951, at which hearing petitioners appeared in person and were represented by counsel; at the hearing petitioners made application for suspension of deportation or, in the alternative, for the privilege of voluntary departure in the event that suspension of deportation should be denied; on July 10, 1951, the hearing officer submitted his findings and recommendations to the Commissioner of Immigration; thereafter on January 8, 1952, the Commissioner of Immigration issued his order denying petitioners' applications for suspension of deportation, but granting their applications for the privilege of voluntary departure; thereafter the petitioners appealed to the Board of Immigration Appeals and on April 2, 1952, the Board dismissed the appeals; the petitioners were advised that an order of deportation would not be entered until after July 19, 1952, to permit their voluntary departure before that date; on July 25, 1952, an order of deportation was issued directing the deportation of petitioners to Mexico by reason of having failed to depart voluntarily within the time granted. This action was filed on August 9, 1952, at a time when the deportation order was outstanding.

■ In Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, the court held that a deportation order may be challenged only by habeas corpus. Habeas corpus is not available to the petitioners here, as they are not in custody. As stated in McNally v. Hill, 293 U.S. 131, 137, 55 S.Ct. 24, 27, 79 L.Ed. 238, "There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention * * *." If the custody or restraint of liberty is terminated without use of the writ, the case is finished. Eagles v. U. S. ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308.

The petitioners call attention to the distinction noted in the Heikkila case, [345 U.S. 229, 73 S.Ct. 607] that while "deportation orders remain immune to direct attack", where the relief sought is a declaration of status, the petitioner is not limited to habeas corpus. The Supreme Court stated that "Heikkila's status as an alien is not disputed and the relief he wants is against an outstanding deportation order" whereas, contend the petitioners, they are not seeking relief against the deportation order, but seek a determination of their status with respect to eligibility for deportation.

■ Where an official's authority to act depends upon the *status* of the person affected, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies. McGrath v. Kristensen, 1950, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173. The official (here the Attorney General) from whom the petitioners seek the exercise of authority is an indispensable party to the action. The Attorney General's residence is in the District of Columbia and he may not be served with process in this district. Connor v. Miller, 2 Cir., 1949, 178 F.2d 755. This requirement may be waived and the Attorney General did waive it here by making a general appearance in the action when he filed his answer. However, counsel for the petitioners entered into a stipulation at the time of trial "that the Attorney General has not made a general appearance as a party defendant". Even if the petitioners are relieved from the stipulation, they cannot prevail.

■ Assuming that among the many and varied allegations in this petition, the court could find the statement of a claim for a declaratory judgment, the evidence does not support such a claim as there is *no dispute* as to the status of the petitioners.

■ Petitioners, as deportable aliens, applied for the exercise of the Attorney General's discretion to suspend deportation under the provisions of section 19(c) of the 1917 Immigration Act, as amended, 8 U.S.C.A. 155(c). The Attorney General declined to grant suspension of deportation. Petitioners assert that his action was based on the erroneous conclusion that they were ineligible for suspension of deportation because they had not resided in the United States continuously for seven years. This assertion is not supported by the record.

■ The Attorney General did not conclude that they were ineligible for suspension of deportation, and there is no dispute as to their status. The Attorney General, acting through his subordinate, the Commissioner of Immigration, exercised his discretion. It is true that the hearing officer, in his "Discussion as to Discretionary Relief" and in his recommendations to the Commissioner, suggested that "neither alien has resided continuously in the United States for seven years", but this suggestion was excepted to by the petitioners and rejected by the Commissioner who, in his order denying suspension of deportation, stated, "Counsel's exceptions have been carefully considered. *Conceding* that the aliens did reside in the United States continuously for seven years prior to their departure to Mexico in May, 1932, and that they have established their presence in the United States on July 1, 1948, *it is concluded that their case is one in which suspension of deportation should not be granted.* This is a form of relief which is *discretionary* in its nature and may not be claimed by an alien as a matter of right". (Emphasis added.)

■ The Attorney General, acting through his subordinate, the Commissioner of Immigration, conceded petitioners' eligi-

268

bility for suspension of deportation and, in the exercise of his discretion, denied suspension. Actually, all we have here is dissatisfaction on the part of the aliens *with the discretion* exercised by the Attorney General. When a statute commits action to agency discretion, a court may not substitute its discretion for that of the agency. The courts can interfere only when there has been a clear abuse of discretion or a clear failure to exercise discretion. United States ex rel. Adel v. Shaughnessy, 2 Cir., 1950, 183 F.2d 371. Neither is present here. There is ample support in the record for the determination of the Commissioner.

Judgment will be for the respondents and this memorandum of decision will serve as findings of fact and conclusions of law in lieu of formal findings pursuant to Rule 52, F.R.C.P. Judgment will be entered accordingly.

It is further ordered: that the clerk this day serve copies of this memorandum and the judgment filed herewith, by United States mail, on the attorneys for the parties appearing in this cause.