### PEDROZA DE MONTES v. LANDON.
#### Civ. No. 1462.

United States District Court
S. D. California, S. D.

June 12, 1953.

David C. Marcus, Los Angeles, Cal., for petitioner.

Arline Martin, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

WEINBERGER, District Judge.

In her "Petition for Judicial Review" petitioner alleges that she is a citizen of Mexico, residing in San Diego County, California;

That proceedings in deportation were initiated against her by the defendant on August 13, 1951, charging that she was in the United States in violation of law in that at the time of entry she was an immigrant not in possession of a valid immigration visa, etc.;

Hearings, pursuant to warrant of arrest, were held on January 21, 1952, and September 11, 1952, according to the petition, which further alleged that at such hearings it was disclosed that petitioner came to the United States at the age of four, in 1905, married, and had children born in the United States in 1917 and 1919. That petitioner's husband died, and she remarried in 1921, whereupon she moved to Tijuana, Mexico and resided there from 1921 to 1946 with her second husband. One child of this union was born in San Diego, and six in Tijuana. Upon the death of the second husband, petitioner married again in March of 1947; the petition alleges the latter marriage took place in San Diego, but does not state where petitioner resided during this marriage; she was divorced in August of 1951. According to the petition, a daughter of petitioner appeared at the hearing and testified that petitioner lived with her and took care of her children; that the daughter was the sole support of petitioner, and that said daughter would have difficulty in supporting petitioner if the latter lived in Mexico.

The petition also alleges that petitioner testified at the hearing that her mother and father are legal alien residents of the United States and that they have lived here since 1905; that both mother and father are ill and unable to work and both require her constant care and attention; that while her

240

brothers contribute to the parents' support, there is no one except petitioner who can care for said aged parents.

The petition sets forth the findings and order of the hearing officer made in September of 1952, wherein it is found that petitioner is an alien, native of Mexico, who entered without a valid immigration visa which she was not exempted from presenting, and that petitioner is subject to deportation; the order, as quoted in the petition, recites that:

"The respondent be granted voluntary departure from the United States in lieu of deportation. Provided further, that if the alien fails to depart from the United States at the expiration of such time granted by the Officer in Charge, and under such conditions as he shall impose, that she shall forthwith be deported from the United States on the charge stated in the warrant of arrest".

The petition also alleges that an appeal was taken from the order of the Hearing Officer, and the appeal was dismissed, and petitioner was advised by the Immigration Service that she was required to depart from the United States on or before February 16, 1953.

Petitioner alleges that the hearings were conducted in violation of petitioner's rights and privileges under the 14th Amendment to the Constitution, and that pursuant to section 155 of Title 8 U.S.C.A., petitioner was eligible for suspension of deportation on the ground that her deportation would result in serious economic detriment to her aged father and mother, legal resident aliens of the United States, and that petitioner had been a resident of the United States for more than seven years and was a resident thereof on July 1, 1948.

Petitioner further contends that the determination that petitioner's application for suspension of deportation be denied was in violation of petitioner's rights to due process, and that such denial was arbitrary, capricious and an abuse of discretion.

Petitioner claims jurisdiction is presented by the provisions of section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009.

Petitioner maintains that Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, decided by the United States Supreme Court March 16, 1953, is not applicable, in that with no deportation order having been issued, petitioner cannot surrender and be taken into custody, and that not being in custody, she cannot petition for a writ of habeas corpus.

The United States Attorney has cited said case in support of the Government's position that this Court has no jurisdiction to accord any relief to petitioner.

Since the order referred to in the petition states that unless petitioner departs voluntarily by February 13, 1953, she shall be deported forthwith, we do not feel that the fact the petitioner has not yet been taken into custody for deportation forces us to consider her petition for judicial review. We are of the opinion that we are governed by the view of the Supreme Court of the United States as enunciated in the case above cited.