### RODRIGUEZ v. LANDON.
### No. 13848.

United States Court of Appeals,
Ninth Circuit.
April 28, 1954.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert K. Grean, Clyde C. Downing, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On May 5, 1952, in the United States District Court for the Southern District of California, appellant, Pedro Rangel Rodriguez, a Mexican alien, brought an

action against the Attorney General of the United States and appellee, Herman R. Landon, a district director of Immigration and Naturalization. On October 7, 1952, appellee filed an answer alleging, as one of several defenses, that the complaint [1] failed to state a claim upon which relief could be granted. Treating the answer as a motion to dismiss, the District Court granted the motion and on March 23, 1953, entered a judgment dismissing the action. This appeal is from that judgment.

It appeared from the complaint that on June 4, 1951, the Commissioner of Immigration and Naturalization, acting by and through an assistant commissioner, made an order holding appellant to be a deportable alien, denying an application of appellant for suspension of deportation and requiring appellant "to depart from the United States without expense to the Government, to any country of his choice;"[2] and that the order of June 4, 1951, was affirmed by the Board of Immigration Appeals on July 20, 1951. The complaint sought judicial review of the order of June 4, 1951, under 5 U.S. C.A. § 1009.

■ If the order of June 4, 1951, was reviewable under 5 U.S.C.A. § 1009,[3] the Commissioner of Immigration and Naturalization was an indispensable party to any action seeking such review.[4] The Commissioner was not a party to this action and, even if named as a party, could not have been served with process in this action, his official residence being in the District of Columbia.[5] Consequently the order of June 4, 1951, could not have been reviewed in this action.

■ Although named as a party to this action, the Attorney General [6] was not served with process and could not have been so served in this action, his official residence being in the District of Columbia;[7] nor did he appear in this action.[8] Consequently the District Court for the Southern District of California had no jurisdiction of his person and could not have granted any relief against him.

■ The complaint was labeled "Petition for judicial review or habeas corpus." However, the complaint did not pray for a writ of habeas corpus, nor did it appear from the complaint that appellant was in custody. The complaint prayed for declaratory relief, but it did not appear from the complaint that there was any actual controversy [9] between appellant and appellee—the only parties before the court. In short, the complaint stated no claim upon which relief could be granted.

Judgment affirmed.

1. Appellant and appellee called the complaint a petition.

2. See 8 U.S.C.A. § 155(c), as it existed on June 4, 1951, 62 Stat. 1206. Cf. 8 U.S.C.A. § 1254(e), effective December 24, 1952, 66 Stat. 217.

3. As to whether the order of June 4, 1951, was reviewable under 5 U.S.C.A. § 1009, we express no opinion. See, however, Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972; Zank v. Landon, 9 Cir., 205 F.2d 615; Pedroza De Montes v. Landon, D.C.S.D.Cal., 113 F.Supp. 239.

4. Podovinnikoff v. Miller, 3 Cir., 179 F.2d 937; Slavik v. Miller, 3 Cir., 184 F.2d 575; Paolo v. Garfinkel, 3 Cir., 200 F.2d 280; Belizaro v. Zimmerman, 3 Cir., 200 F.2d 282; Corona v. Landon, D.C.S.D. Cal., 111 F.Supp. 191.

5. See cases cited in footnote 4.

6. As to whether the Attorney General was an indispensable party, we express no opinion. See, however, Connor v. Miller, 2 Cir., 178 F.2d 755; De Pinho Vaz v. Shaughnessy, 2 Cir., 208 F.2d 70; Avila-Contreras v. McGranery, D.C.S.D.Cal., 112 F.Supp. 264; Bustos-Ovalle v. Landon, D.C.S.D.Cal., 112 F.Supp. 874.

7. See cases cited in footnote 6.

8. Cf. Avila-Contreras v. McGranery, supra.

9. See 28 U.S.C.A. § 2201.