Juan LAUREANO-GONZALEZ and Maria Guzman de Laureano, Petitioners,

v.

Donald M. MAIN, Special Inquiry Officer of the Immigration and Naturalization Service, Department of Justice, District No. 16, and H. R. Landon, District Director of Immigration and Naturalization Service at Los Angeles, California, Respondents.

No. 16660.

United States District Court, S. D. California, Central Division.

Sept. 22, 1954.

David C. Marcus, Los Angeles, Cal., for petitioners.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Asst. U. S. Atty., Chief of Civil Division; James R. Dooley, Asst. U. S. Atty., Los Angeles, Cal., for respondents.

BYRNE, District Judge.

The plaintiffs are husband and wife and citizens of Mexico who illegally entered the United States on or about December 15, 1950, without valid immigration visas and without inspection.

Following the arrest of the plaintiffs, a hearing was had before the immigration authorities on plaintiffs 'application for voluntary departure in lieu of deportation. The result of this hearing was a decision that voluntary departure be denied and an order for plaintiffs' deportation. An appeal taken to the Immigration Board of Appeals was dismissed on August 27, 1953.

The critical question presented on this motion to dismiss is whether the Attorney General is an indispensable party.

■ In an action to restrain the district director from deporting an alien under the asserted authority of an alleged illegal deportation order, the Attorney General is not an indispensable party where the decree granting the relief sought will not require him to take action. See Aguilera-Flores v. Landon, D.C., 125 F.Supp. 55, decided by this court on Sept. 22, 1954, on the authority of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95.

A comparison of the instant case with Aguilera-Flores v. Landon, supra, clearly emphasizes the distinction between deportation cases where the superior officer is and is not an indispensable party within the rule of Williams v. Fanning, supra. In the Flores case the issue is whether or not Flores is deportable. If the court finds he is not deportable, the district director will be ordered to desist in his efforts to deport him, and the matter will be at an end. No action will be required of the district director's superior to effectively grant the relief desired by the plaintiff.

■■ In the instant case it is conceded that the plaintiffs are deportable. The issue is whether or not they should be granted the privilege of voluntary departure in lieu of deportation. The power to grant voluntary departure is a dis-

cretionary power vested in the Attorney General, 8 U.S.C.A. § 1254(e). The plaintiffs complain that they were deprived of the exercise of this discretion because the provisions of the Administrative Procedure Act were not complied with. To grant the relief sought by the plaintiffs, the court's decree must require the Attorney General to exercise his discretion either directly or through his subordinates. As stated by the Supreme Court in Williams v. Fanning, supra, "the superior officer is an indispensable party if the decree granting the relief sought will require him to take action, either by exercising * * * a power lodged in him or by having a subordinate exercise it for him." Chavez v. McGranery, D.C., 108 F.Supp. 255. The complaint is dismissed for failure to join an indispensable party.

The defendants' contention that the court lacks jurisdiction of the subject matter is without merit. See Aguilera-Flores v. Landon, supra.

Counsel for the defendants is requested to prepare, serve, and lodge a formal order for settlement in accordance with local rule 7