**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MERNER LUMBER AND HARDWARE COMPANY, Respondent.**

No. 19349.

United States Court of Appeals
Ninth Circuit.

May 10, 1965.

Rehearing Denied June 22, 1965.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel,

Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, William Wachter, Attys., N.L.R.B., Washington, D. C., for petitioner.

Grant A. Winther, San Francisco, Cal., for respondent.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

The National Labor Relations Board seeks enforcement of its order directing Merner Lumber and Hardware Company to cease and desist from certain asserted unfair labor practices and to take specified corrective action. The order in question resulted from agency proceedings in which it was found that the company had engaged in two unfair labor practices.

One of these unfair labor practices, the Board found, was in refusing, on December 7, 1962, to extend recognition to, and bargain with, Retail Store Employees Union, Local 428, Retail Clerks International Association, AFL–CIO (Union), as the representative of sales personnel and clerical workers at the company's hardware store in Palo Alto, California. This was held to be a violation of section 8(a) (5) and (1) of the National Labor Relations Act (Act), 49 Stat. 452 (1935), as amended, 29 U.S.C. § 158(a) (5) and (1) (1958).

The other unfair labor practice, the Board found, was the action of the company in discharging four employees on December 8, 1962, and one on December 10, 1962. All of these employees, the Board found, had been active in promoting the organizing attempt of the Union at the Palo Alto store. The Board concluded from this that the company discriminated in regard to the hire and tenure of employment of these employees to discourage membership in the Union. This was held to be a violation of section 8(a) (3) and (1) of the Act, 29 U.S.C. § 158(a) (3) and (1) (1958).

The Board order requires the company to cease and desist from engaging in such practices, requires the company to post the customary notices, and directs the company to reinstate and make whole four of the discharged employees, the fifth having been reinstated shortly after his discharge and having thereafter resigned.

Resisting the petition for enforcement, the company argues that the trial examiner's findings of fact, adopted by the Board, are not supported by substantial evidence on the record considered as a whole. Quite to the contrary, the company asserts, the substantial evidence required findings that: (1) the company refused to bargain because of its good faith doubt as to the appropriateness of the Palo Alto store as the bargaining unit, the company having another unorganized hardware store at Redwood City, California, four miles away; (2) the company also refused to bargain because of its good faith doubt as to whether the Union represented a majority of the sales personnel and clerical workers at the Palo Alto store; and (3) the company discharged the five employees in question because of economic necessity and also, in three cases, for cause, and not for the purpose of discouraging membership in the Union. With regard to the first of these issues, the company also contends that the Board acted arbitrarily and capriciously in determining that the Palo Alto store is an appropriate bargaining unit.

Under section 10(e) of the Act, 29 U.S.C. § 160(e) (1958), the findings of the Board with respect to questions of fact is supported by substantial evidence on the record considered as a whole, shall be conclusive. Applying that test, we conclude that the challenged findings are supported by substantial evidence.

Under section 9(b) of the Act, 29 U.S.C. § 159(b) (1958), the Board has wide discretion in determining an appropriate bargaining unit. The Board's determination in this regard will not be set aside in the absence of a showing that such determination was arbitrary and capricious. See N. L. R. B. v. Dewey Portland Cement Co., 10 Cir., 336 F.2d 117, 119. We conclude that the Board did not

act arbitrarily or capriciously in determining that the company's Palo Alto store is an appropriate bargaining unit.

A recitation of the evidence which we regard as substantial, considering the record as a whole, and of the considerations which lead us to conclude that the Board did not act arbitrarily and capriciously, will not add precedent value to this opinion and is therefore omitted.

The petition for enforcement is granted.