**RAMADA INNS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 72-3136.

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1973.

Daniel F. Gruender, Shimmel, Hill & Bishop, Phoenix, Ariz., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Jerome H. Brooks, Director, Region 7, NLRB, Detroit, Mich., for respondent.

Before DUNIWAY, TRASK and WALLACE, Circuit Judges

*OPINION*

DUNIWAY, Circuit Judge:

Petitioner Ramada Inns, Inc., asks us to set aside an order of the National Labor Relations Board directing it to bargain with Local 235, Hotel and Restaurant Employees and Bartenders Union, A.F.L.-C.I.O. See 200 N.L.R.B. No. 19. The Board cross-petitions for enforcement. The refusal to bargain is admitted. Ramada's attack is on the Board's selection of an appropriate bargaining unit in an election conducted under § 9 of the Act, 29 U.S.C. § 159.

Our decision in Westward-Ho Hotel Company v. National Labor Relations Board, 437 F.2d 1110 (9th Cir. 1971), is dispositive of this case and requires that the Board's order be set aside. The Board asks us to reexamine our position in *Westward-Ho* in light of the Board's asserted policy of applying the same standards for unit determinations in hotel and motel cases as are applied in other industries. We find such a reexamination unnecessary. Even assuming that the Board has further modified its

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

standards for unit determinations in the hotel industry, a review of the Board's decisions convinces us that it has not modified its established policy of single unit representation of manual employees in a highly integrated hotel operation where there is no local bargaining pattern of separate unit representation. The reasons assigned for the Board's unit determination in this case are insufficient to justify deviation from that policy. We are forced to the conclusion that the extent of union organization was the controlling factor. This is prohibited by § 9(c)(5) of the Act, 29 U.S.C. § 159(c)(5). Westward-Ho Hotel Co. v. National Labor Relations Board, *supra.*

The Board's order is set aside. Enforcement is denied.