ATLAS HOTELS, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 74-2066.

United States Court of Appeals, Ninth Circuit.

July 9, 1975.

Clifford L. Duke, Jr. (argued), San Diego, Cal., for petitioner.

Marjorie Gofreed (argued), Washington, D.C., for respondent.

OPINION

Before CHAMBERS and KOELSCH, Circuit Judges, and McNICHOLS,* District Judge.

---

* Honorable Ray McNichols, Chief Judge, United States District Court for the District of Idaho, sitting by designation.

PER CURIAM:

This case is before the Court on the petition of Atlas Hotels, Inc. (hereinafter "Atlas"), to review and set aside an Order of the National Labor Relations Board (henceforth "Board"), directing it to bargain collectively with a union.[1] The Board has filed a cross-petition for enforcement of an order finding petitioner in violation of Section 8(a)(5) and (1) of the National Labor Relations Act (hereinafter "Act"). This petition is filed pursuant to Sections 10(e) and (f) of the Act, as amended (29 U.S.C.A. § 160(e) and (f)). The Board's decision and orders are reported at 205 N.L.R.B. 47 and 210 N.L.R.B. 86.

Atlas operates five "motor-hotels" in San Diego, California, and these hotels are located within a two-mile radius of San Diego's "Hotel Circle," a cluster of motels, hotels, dining, recreation and convention facilities catering to transient visitors and conventions. Each of the five Atlas hotels is headed by a manager and divided in departments. Department heads are in charge of the various departments and they are directly responsible to their respective hotel manager.

Employees at all the hotels are subject to common labor relations policies. Job classifications are established on a company-wide basis and the employees within each classification receive the same general wages and fringe benefits. Transfer of employees among the five hotels is limited to selected employees in management training programs. Apparently, employee interchange is minimal, never involves bakery or bakery sanitation personnel, and primarily occurs in unusual situations where extra help is needed at one of the other Atlas hotels to augment the regular work force. E. g., if a large banquet were planned, food-related employees from one hotel might assist food-related employees at another hotel in serving the dinner.

The largest of the hotels, the Town & Country Hotel, contains 600 of Atlas' 1300 guest rooms, a coffee shop, restaurant, cocktail lounge, supper club, 17 banquet rooms and a number of kitchens. An adjoining convention center provides meeting and dining facilities for upwards of 2,000 people. The Atlas bakery is housed in a separate area, adjacent to the kitchen, in this convention center, but location has little or no impact upon services. Excepting sandwich bread and hamburger rolls obtained from other sources, the bakery produces all the baked goods used at the five hotels and convention center; the Town & Country Hotel enjoys no special treatment due to proximity.

The bakery is open seven days a week and operates on two shifts, from about 10:00 p. m. to 6:00 a. m. and from 6:00 a. m. or 7:00 a. m. to mid-afternoon, under the supervision of a "director of baking." The "director of baking" orders supplies, schedules production and keeps time for the bakery employees; his immediate supervisor is the food and beverage manager of the Town & Country Hotel, who also serves as "executive chef" for all five hotels.

Altogether, seven people are employed in the bakery, and they were hired specifically for bakery work either because of their prior experience or their interest in learning the trade. During the course of their work they perform the usual duties of bakers, and utilize specialized baking equipment in the large scale production of cakes, pies, pastries and other baked goods. With the exception of a bakery deliveryman, who spends an undisclosed portion of his time primarily delivering baked goods and the remainder assisting bakers, all bakery employees work exclusively in the bakery.

The Bakery and Confectionery Workers' International Union of America, Local No. 315 (hereinafter "Union"), which has traditionally devoted itself to serving the interests of baking employees, sought to represent a unit of bakery and bakery sanitation workers employed at the Atlas bakery. Atlas objected,

1. Bakery and Confectionery Workers' International Union of America, Local No. 315.

contending that some other unit would be more appropriate, particularly a unit comprising all of the production and maintenance employees at its five San Diego hotels. Additionally, there is no history of collective bargaining in the respective units urged by the parties, and no union seeks representation on a broader hotel-wide or company-wide unit.

The Union petitioned the Board for an election pursuant to Section 9(c) of the Act. A hearing was held on the matter, evidence presented, and on the basis of this evidence the Board found that the bakery employees constituted a separate unit appropriate for collective bargaining. Accordingly, the election was ordered.

Thereafter, Atlas requested a review of the decision, contending, *inter alia,* that the unit established was inappropriate for bargaining; that it represented a departure from traditional Board policy of single unit representation of manual employees in highly integrated hotel operations;[2] and that the decision was based upon Board precedent overruled by this Court.[3] However, the Board denied Atlas' request on the ground that it raised no substantial issues warranting review.

After some initial dispute,[4] the Union won the election and was certified as the collective bargaining representative of the bakers and bakery sanitation workers. In order to challenge the unit determination, Atlas refused to bargain and the Union filed an unfair labor practices charge with the Board. The Regional Director issued a complaint alleging that the refusal to bargain was unlawful, and Atlas answered asserting that the separate unit of bakers was inappropriate; that the unit was contrary to precedent; and that other units might also have been found appropriate and should therefore have been considered.

General Counsel for the Board moved for summary judgment on the ground that Atlas' answer raised no issue which had not been litigated and determined in prior proceedings. The motion was granted, and the Board also found that, by refusing to recognize and bargain with the Union, Atlas had violated Section 8(a)(5) and (1) of the Act. 205 N.L.R.B. 47.

The Board filed an application for enforcement of its order and Atlas cross-petitioned for review. Shortly thereafter the Board moved to have the case remanded for reconsideration in light of a recent Ninth Circuit decision in which enforcement was denied a Board order under similar circumstances.[5] The motion was granted, and in May, 1974, the Board filed a supplemental decision explicating and affirming its prior decision and order. 210 N.L.R.B. 86. Atlas then filed the petition at bar, and the essential issue before the Court on appeal is whether the bargaining unit established by the Board was appropriate under Section 9 of the Act.

The Act delegates to the Board the primary responsibility for determining the appropriate bargaining unit. N.L.R.A. § 9(b), 29 U.S.C.A. § 159(b); *General Instrument Corporation v. N.L.R.B.,* 319 F.2d 420, 422 (4th Cir. 1963). And this Court has granted the Board great latitude in making these unit determinations. *Gallenkamp Stores Co. v. N.L.R.B.,* 402 F.2d 525, 530 (9th Cir.

---

2. The development and scope of this policy is judicially chartered in footnote number 4, *Westward-Ho Hotel Co. v. N.L.R.B.,* 437 F.2d 1110, 1113 (9th Cir. 1971).

3. Among the many supportive sources cited in his Decision and Direction of Election, the Regional Director made reference to *Hotel Westward-Ho,* 171 N.L.R.B. 173; later denied enforcement. *Westward-Ho Hotel Co. v. N.L.R.B.,* 437 F.2d 1110 (9th Cir. 1971).

4. A secret ballot election was held January 5, 1975, in which eight ballots were cast, three for the Union and three against, with two ballots being challenged. The Regional Director conducted an investigation and thereafter sustained the challenge to one ballot, and overruled the challenge to the second ballot. This second ballot was for the Union.

5. *Ramada Inns, Inc. v. N.L.R.B.,* 487 F.2d 1334 (9th Cir. 1973).

1968); *Foreman & Clark, Inc. v. National Labor Relations Board,* 215 F.2d 396, 405 (9th Cir. 1954); *N.L.R.B. v. Merner Lumber and Hardware Company,* 345 F.2d 770, 771 (9th Cir. 1965).

This broad delegation is somewhat limited by Section 9(c)(5) of the Act, which provides:

> "In determining whether a unit is appropriate for the purposes specified in subsection (b) of this section the extent to which the employees have organized shall not be controlling."

■ Nevertheless, the issue of unit determination is within the particular expertise of the Board, vested in that body by statute, and a Board decision, if not final, is rarely disturbed. *National Labor Relations Board v. J. W. Rex Co.,* 243 F.2d 356, 359 (3rd Cir. 1957). In fact, courts recognize that such decisions, by necessity, involve a large measure of expertise and informed discretion. *National Labor Relations Board v. J. W. Rex Co., supra,* at 359; *International Ass'n of Tool Craftsmen v. Leedom,* 107 U.S.App.D.C. 268, 276 F.2d 514, 516 (1960). Hence, deference should be given the informed experience and judgment of an agency, *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 371–372, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973), and judicial interference confined to instances where there has been a clear, patent or flagrant abuse of discretion. *Avila-Contreras v. McGranery,* 112 F.Supp. 264, 268 (D.C.Cal.1953); *Reece v. United States,* 455 F.2d 240, 242 (9th Cir. 1972).

■ It is not necessary that the Board choose the most appropriate bargaining unit; it is sufficient if the unit chosen is within the range of units appropriate under the circumstances. *State Farm Mutual Automobile Insurance Co. v. N.L.R.B.,* 411 F.2d 356, 358 (7th Cir. 1969); *N.L.R.B. v. Bogart Sportswear Mfg. Co., Inc.,* 485 F.2d 1203, 1206 (5th Cir. 1973). Likewise, in arriving at a decision, the Board can consider the extent to which employees have organized, so long as the extent of organization is not the controlling reason. *Foreman & Clark, Inc. v. National Labor Relations Board, supra,* at 406; *N.L.R.B. v. Metropolitan Life Insurance Co.,* 380 U.S. 438, 441–442, 85 S.Ct. 1061, 13 L.Ed.2d 951 (1965).

■ In the instant case the Board found: (1) that the Union traditionally represented the interests of bakery employees; (2) that the bakery employees worked at a specific trade; (3) that they worked in areas apart from other employees; (4) they were separately supervised; and (5) they had a minimum of contact with the other hotel staff. From these facts the Board reasonably concluded that the Atlas bakery workers were a separate unit appropriate for the purposes of collective bargaining. Even though there is evidence contrary to these findings; nevertheless, there is substantial evidence in the record to support the Board's findings, and this renders them conclusive. N.L.R.A. § 10(e), 29 U.S.C.A. § 160(e); *National Labor Relations Board v. Crompton-Highland Mills, Inc.,* 337 U.S. 217, 220, 69 S.Ct. 960, 93 L.Ed. 1320 (1949); *N.L.R.B. v. Merner Lumber & Hardware Company, supra,* at 771.

Furthermore, these findings indicate that the final unit decision was a reasoned, valid exercise of the Board's delegated authority; not impermissibly controlled by the extent of organization nor a clear abuse of discretion under the circumstances.

■ In *Westward-Ho Hotel Co. v. N.L.R.B.,* 437 F.2d 1110, 1114 (9th Cir. 1971) this Court noted that Board precedent had established a policy of single unit representation for manual employees in highly integrated hotel operations, with two exceptions: (1) where well defined area bargaining practices recognized a less than hotel-wide unit as appropriate, (2) where the enterprise in fact was not highly integrated, and a smaller unit was consistent with the true community of interest among the particular employees. And that where a Board decision is contrary to this established policy, it must be buttressed with

sufficient reasons to overcome an inference that the decision was either arbitrary or controlled by the extent of organization. *Id.* at 1116.

 However, our decision in *Westward-Ho Hotel Co. v. N.L.R.B., supra,* is not dispositive of this case. For under the particular circumstances of that case, the Court concluded that the reasons given by the Board were insufficient to explain its departure from established policy on grounds other than the extent of organization. *Id.* at 1117. This Court did not hold that those reasons were *per se* insufficient; since the Board has wide discretion in designating bargaining units, minor factual differences may justify opposite results. *N.L.R.B. v. Cumberland Farms, Inc.,* 396 F.2d 866 (1st Cir. 1968).

In brief, facts and reasons given in the present case justify the Board's determination that, rather than being an integral part of a hotel, petitioner's bakery was in fact a separate and appropriate unit for purposes of collective bargaining. Therefore, the Order of the Board is affirmed and it will be enforced.

CHAMBERS, Circuit Judge (concurring):

The National Labor Relations Act and the Labor Management Act were passed to effect the broad purposes of accomplishing industrial peace. Here we see the Labor Board fooling around with possibly a seven man unit. There were three ballots against the union on each election. For the second election, the Board cleared one employee from a challenge, and so the union won by four to three. How this serves the broad purpose of the Act is wondrous. It is bureaucracy rampaging.

But if one pursues enough rabbits, privates can become corporals, corporals can become sergeants, and sergeants can become lieutenants of the hunt. Some of the lieutenants may even get to be civil servants in the grade of GS 15.

While I concur, I do not have to like it.